MILLS et al. v. MOORE et ux. (No. 10070.)

Court of Civil Appeals of Texas. Dallas.
May 14, 1927.

Judgment ⬷18(2)—Judgment purporting to overrule motion to dissolve temporary injunction held void as having no basis in pleading.

Judgment purporting to overrule motion to dissolve temporary writ of injunction *held* void as having no basis in pleading and depriving defendant of right to be heard on written motion to dissolve, where based on oral suggestion of counsel that court had been misled by allegations of tender in petition for injunction.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Wilson Moore and wife against V. W. Mills and others. From an order purporting to overrule a motion to dissolve a temporary writ of injunction that had been granted ex parte to plaintiffs, defendants appeal. Reversed and remanded.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Bell & Clark, of Dallas, for appellees.

JONES, C. J. This is an appeal by V. W. Mills et al., appellants, from an order of the district court purporting to overrule a motion to dissolve a temporary writ of injunction that had been granted ex parte to Wilson Moore and his wife, Lizzie Moore, in the above-entitled cause. The conditions under which the order was entered are as follows:

Appellees claim to be owners of a house and lot located in the city of Dallas. Appellant V. W. Mills had become the purchaser of the house and lot under a sale for delinquent taxes. Prior to this sale, this land had been incumbered with a deed of trust lien for approximately $600, and Mills had become the purchaser of this indebtedness and the lien securing it, and was preparing to sell the land under the provisions of the deed of trust. This suit was filed by appellee for the purpose of canceling the tax deed on the theory that it was void because certain essential elements for a valid sale had not been complied with by the state, and to enjoin the threatened sale under the deed of trust. In respect to the latter feature of the suit, the petition admitted the validity of the deed of trust and the indebtedness it secured and alleged a tender of the amount due under the deed of trust.

The petition was duly verified and presented to the judge of the district court, who indorsed his fiat on the petition directing that a temporary writ of injunction issue on appellees' filing a lawful bond in the sum of $500. The bond was filed and the temporary writ of injunction, restraining the sale of the land pending the suit, was duly issued. This injunction was issued on the 28th of February, 1927.

The money alleged in the petition to be tendered was not paid to the custody of the court at the time of the issuance of this injunction. On March 1st the attorneys of the parties were present in court, and an oral motion was made by attorneys for appellants to dissolve the injunction because of the insufficiency of the bond to authorize the issuance of an injunction to restrain the sale of the land under a valid lien and admitted indebtedness, and because the tender in the petition was not made good by the actual deposit of the money in court. The court directed that the money be deposited in court, and this was done on the 3d day of March in a manner approved and sanctioned by the court, but no order was announced by the court and no note of the fact made on the court's docket. On the 28th day of March, 1927, appellants filed a written motion to dissolve the injunction and requested that same be heard April 2, 1927, and notice of this fact was given to appellees. On said latter date, appellees filed a motion, praying the court to enter what they termed a nunc pro tunc order overruling appellants' motion to dissolve said injunction of date the 3d of March, 1927, the time the oral proceedings were had in court. Without any hearing on the written motion filed, the court announced that, on said 3d day of March, he had taken action on the matter and sustained the motion for entry of the judgment of date March 3d, overruling a motion to dissolve, and the order was accordingly entered. It is from this order that this appeal is prosecuted.

There were no written pleadings before the court on March 3d asking the dissolution of the injunction. The effect of the proceedings before the court at that time must be construed as a suggestion to the court by appellants' counsel that the injunction issued, restraining the sale of the security of an indebtedness admitted to be due, was void because the amount of the debt alleged to have been tendered into court by the petition, on which the court acted in directing the issuance of the injunction, was not so tendered. In other words, that the court had been misled by the allegations of tender in the petition and had thereby caused the issuance of a voidable injunction. The court acted on this suggestion and directed the money to be paid into its custody, which was done. This ended the proceedings had on the first days of March and left the injunction in force, subject, of course, to a valid motion to dissolve. Appellants, nearly four weeks later, availed themselves of their right to file a written motion to dissolve and filed same. They were then confronted with the claim that the court had construed, what could only have been a suggestion to the court, into a motion to dissolve, and had actually overruled such motion at said previous time, but had neglected to place same on the docket. All these matters occurred during the same term of court.

We are of the opinion that the judgment entered had no basis in pleading and is therefore void. The result of this action of the trial court was to deny appellants their day in court on a motion duly presented to dissolve.

We therefore hold that there is no valid judgment of the court overruling the motion to dissolve the temporary writ of injunction, and, without expressing any view on the merits of said motion, set aside the judgment entered and reverse this case, so that appellants may have their day in court on their motion to dissolve, filed March 28, 1927.

Reversed and remanded.